UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRAIDEN WILSON,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

                Defendant.

CASE NO. 2:26-cv-00727-LK

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION REGARDING WAIVER

This matter comes before the Court on Defendant United States of America's motion for an order "finding that Braiden Wilson has waived attorney-client and work-product privileges as to his prior counsel Thomas Coe" and allowing the Government to obtain otherwise privileged information from Mr. Coe. Dkt. No. 8 at 1–2. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I.   BACKGROUND

On October 24, 2024, Mr. Wilson, represented by Mr. Coe, pleaded guilty to the following charges:

ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER - 1

- Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846, and Title 18, United States Code, Section 2, a lesser-included offense of that charged in Count 1 of the Indictment;

- Unlawful Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o) and (2), as charged in Count 2 of the Indictment; and

- Unlawful Possession of Destructive Devices, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(8), and 5845(f)(3) as charged in Count 3 of the Indictment.

*United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 96 (W.D. Wash. Oct. 24, 2024). The Court accepted Mr. Wilson's plea of guilty and adjudged him guilty of these charges. *Id.*, Dkt. No. 103. On February 25, 2025, the Court sentenced Mr. Wilson to 60 months on count 1 to run consecutively to 36 months on counts 2 and 3 for a total term of 96 months, four years of supervised release, a $300 special assessment fee, and restitution in the amount of $26,714.66. *Id.*, Dkt. Nos. 119, 120.

On February 26, 2026, Mr. Wilson filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 1. In that motion, Mr. Wilson contends that Mr. Coe provided ineffective assistance of counsel in the following ways:

- Mr. Coe had a "[c]oncealed side deal in [the criminal] case which drove the results with Fraud upon the court," and Mr. Coe was "Criminally Colluding with the Prosecution and wrongfully driving [Mr. Wilson's] actions[.]" *Id.* at 9;

- Mr. Coe had a conflict of interest "caused by the crime of bribery in [the criminal] case and other improper motives." *Id.* at 27;

ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER - 2

- Mr. Coe failed to file a "motion to suppress illegally obtained evidence" and "omitted clearly meritorious motions that . . . would have significantly changed the outcome such as Franks/4th [Amendment] suppression." *Id.* at 26–27;

- Mr. Coe "intentionally failed to investigate and present evidence," and "intentionally withheld from obtaining exculpatory records and Forensic testing" that would have resulted in "suppression of illegally obtained evidence[.]" *Id.* at 27;

- Mr. Wilson "found signatures on things that [he] had clearly said no to and expressly opposed," and he has "discovered details that were intentionally withheld from being explained to [him]." *Id.* at 26;

- Mr. Coe "intentionally failed to advize about specific details on the plea, had misadvised against [Mr. Wilson's] best interest," engaged in "bad faith efforts" that resulted in Mr. Wilson's "self incrimination," and gave him bad legal advice. *Id.* at 26–27;

- Mr. Coe was "misleading" Mr. Wilson "into giving the wrong answer in court" during the sentencing hearing and "mischaracterizing and misrepresenting the defense[.]" *Id.* at 27;

- Mr. Coe "refused to consult about key decisions," "deliberately ignore[ed Mr. Wilson's] instructed decisions," and acted outside the scope of his authority. *Id.*;

- Mr. Coe "intentionally withheld from explaining [Mr. Wilson's] constitutionally guaranteed rights" and deterred him from exercising those rights. *Id.* at 22;

- "an attorney"—presumably Mr. Coe—"[f]orced [Mr. Wilson] into mental health treatment against [his] will . . . as part of a scheme to cheat the U.S. involved in these wrongful[] convictions." *Id.* at 23;

Mr. Wilson also filed a declaration that reiterates these allegations, contending that Mr. Coe lied to him, deceived him, misled him, confused him, tricked him into signing things he did not understand, "intentionally deprived [him] of [his] family support," and misled him "into giving the wrong answer in court." Dkt. No. 5 at 4. According to Mr. Wilson, Mr. Coe told him that Mr. Wilson was "not in control," and "misle[d him] into signing things that [he] said no to[.]" *Id.* at 5, 7. Mr. Wilson further alleges that he "was not provided a copy of [his] own plea agreement and was not given a fair opportunity to review or consult with an effective counsel[.]" *Id.* at 7.

The Government subsequently filed this motion for permission to question Mr. Coe "about his representation of Wilson and receive relevant communications and information from him." Dkt. No. 8 at 1–2. It seeks "an order finding that—for the limited purpose of resolving Wilson's pending § 2255 motion—Wilson has waived attorney-client and work-product privileges and allowing his attorney to share previously privileged communications and information with the United States." *Id.* at 2 (citing Rule 6, Rules Governing § 2255 Proceedings); *see also id.* at 5 (seeking "an order allowing Thomas Coe to disclose communications and information relevant to the claims of ineffective assistance that Wilson asserts in his § 2255 motion").

Tragically, after the Government filed its motion, the Court was notified that Mr. Coe suddenly passed away. *United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 140. The Government's request to talk to Mr. Coe or obtain a declaration from him is therefore moot, and the Court focuses on the Government's request to obtain his documents.

## II.    DISCUSSION

### A.    Legal Standard

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716

ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER - 4

(9th Cir. 2003) (en banc). However, because the waiver "runs counter to the rationale behind the privilege," a petitioner does not "give up the privilege categorically and for all purposes[.]" *Id.* at 722. Instead, the waiver is limited to "what is needed to litigate the claim of ineffective assistance of counsel in federal court." *Id.*; *see also Weber v. Sinclair*, No. C08-1676RSL, 2014 WL 2778294, at *2 (W.D. Wash. June 19, 2024) ("The scope of the waiver is determined by the particular claims raised in the petition."). Accordingly, courts limit use of the disclosed material to litigating the federal habeas petition, and limit dissemination to those litigating that claim. *Bittaker*, 331 F.3d at 725–26; *see also Lambright v. Ryan*, 698 F.3d 808, 819–20 (9th Cir. 2012) (holding that when courts "permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claim," they must "ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding" (citation modified)).

In addition, Rule 6(a) of the Rules Governing § 2255 Proceedings requires parties seeking to conduct discovery in Section 2255 proceedings to obtain leave of court, and courts may grant leave for "good cause." Rule 6 also provides that "[a] party requesting discovery must provide reasons for the request[,] . . . include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing § 2255 Proceedings.

**B.    Mr. Wilson Has Waived Attorney-Client Privilege and Work-Product Privilege**

The Government contends that Mr. Wilson waived the attorney-client and work product privileges by accusing his counsel of ineffective assistance of counsel. Dkt. No. 8 at 4. Mr. Wilson has not responded to the motion.

By asserting the ineffective assistance of counsel claims set forth above, Mr. Wilson has "placed his communications and counsel's representation at issue, thereby implicitly waiving the attorney-client privilege." *Weber*, 2014 WL 2778294, at *2 (citing *Bittaker*, 331 F.3d at 718). In light of the claims Mr. Wilson raises about Mr. Coe's ineffective performance as counsel, the

ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER - 5

Government would be "ill-equipped to respond to the merits of [his] claims" absent access to Mr. Coe's information on those claims. *Id.* Moreover, Mr. Wilson has not withdrawn his ineffective assistance of counsel claims in response to the Government's motion or its assertion that pursuing those claims lead to a waiver.[1]

The Government also argues that the scope of Mr. Wilson's privilege waiver "is broad." Dkt. No. 8 at 5. The Government contends that Mr. Wilson's "ineffective-assistance claims concern a range of communications and information, extending from his attorney's pre-plea investigation through sentencing." *Id.* The Court agrees with the Government that Mr. Wilson's allegations of ineffective assistance of counsel are broad, and they span every facet of Mr. Coe's representation, including his communications with Mr. Wilson about the investigation, pre-plea motions, plea negotiations, and sentencing. *See* Dkt. No. 1 at 9, 22–23, 26–27. In addition, Mr. Wilson has effected a broad waiver of all aspects of the representation in his criminal case by asserting far-reaching allegations that Mr. Coe had a conflict of interest, was colluding with the Government, "refused to consult about key decisions," "deliberately ignor[ed Mr. Wilson's] instructed decisions," acted outside the scope of his authority, "compelled self incrimination" of Mr. Wilson, "intentionally withheld from explaining [Mr. Wilson's] constitutionally guaranteed rights" and deterred Mr. Wilson from exercising those rights. *Id.* at 9, 22, 26–27. Therefore, Mr. Wilson has waived his attorney-client privilege with Mr. Coe with respect to all communications and documents relevant to the claims of ineffective assistance of counsel set forth in his Section 2255 motion.

---

[1] Although a prior Court order directing service and an answer addressed to Mr. Wilson was returned with the notation "Refused," Dkt. No. 9 at 1, the Court resent that order, and there is no indication that Mr. Wilson refused to accept that mailing. *See also* Dkt. No. 8 at 7 (certificate of service of this motion on Mr. Wilson at his address on file with the Court).

ORDER GRANTING IN PART AND DENYING IN PART MOTION REGARDING WAIVER - 6

In addition, the Government's motion and proposed order is for the most part specific enough to comply with Rule 6 for Section 2255 Proceedings. The Government seeks documents relevant to Mr. Wilson's § 2255 motion, including "his attorneys' preparations, investigations, and strategic choices in his case." Dkt. No. 8-1 at 1. This description of the documents sought is sufficient to comply with the rule. *Cf. Holiday v. United States*, 25-cv-00082-AJB, 2025 WL 1361485, at *1 (S.D. Cal. May 9, 2025) (denying "vague request" for "[d]ocumentation" that did not comply with Rule 6).

That said, the Court does not grant the Government's request in full for three reasons. First, as set forth above, Mr. Coe has passed away, so the Court denies as moot the Government's request to interview and obtain affidavits from him. Second, the Government's proposed order is overbroad in requesting an order permitting counsel to provide the Government evidence related to Mr. Coe's representation of Mr. Wilson in the criminal case "on *all topics* relevant to the pending § 2255 motion[.]" Dkt. No. 8-1 at 1 (emphasis added). The privilege waiver "is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding." *Lambright*, 698 F.3d at 818. Therefore, the Government may obtain Mr. Coe's documents related to Mr. Wilson's "specific allegations of ineffective assistance of counsel," *Weber*, 2014 WL 2778294, at *4, but not on other topics in the Section 2255 motion that are unrelated to the ineffectiveness claim. Third, the Government seeks an order permitting Mr. Coe "to provide evidence in the form of declarations, affidavits, testimony, or *any other form*," Dkt. No. 8-1 at 1 (emphasis added), but does not specify what the "other form" might be. Consequently, the Court cannot evaluate that request or whether it complies with Rule 6 for Section 2255 Proceedings.

Accordingly, the Court grants the motion in part, and as set forth below, will authorize the Government to obtain Mr. Coe's documents, including those reflecting Mr. Coe's otherwise-

privileged legal conversations with Mr. Wilson, on the topics of Mr. Coe's communications with Mr. Wilson, and Mr. Coe's preparations, investigations, and strategic choices in the criminal case. These topics are "narrowly tailored" to Mr. Wilson's "specific allegations of ineffective assistance of counsel" in his Section 2255 motion. *Weber*, 2014 WL 2778294, at *4; *see also Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.").

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the United States' motion. Dkt. No. 8.

The Court ORDERS that, no later than May 29, 2026, Mr. Wilson shall file a response to this Order apprising the Court as to whether he desires to pursue his ineffective assistance claims in his 2255 motion, Dkt. No. 1, or whether he desires to abandon these claims in order to avoid the waiver of the attorney-client privilege.

The Court holds that if Mr. Wilson elects to pursue his claims of ineffective assistance of counsel in his Section 2255 motion, or if he has not responded to this Order by the deadline above, he has waived attorney-client and work-product privileges as to Mr. Coe for the purposes of litigating his Section 2255 motion, and the Court authorizes the Government to obtain Mr. Coe's documents, including those reflecting otherwise-privileged legal conversations between Mr. Coe and Mr. Wilson, on the topics of Mr. Coe's communications with Mr. Wilson, and Mr. Coe's preparations, investigations, and strategic choices related to Mr. Coe's representation of Mr. Wilson in Case No. 2:24-cr-00093-LK (W.D. Wash.).

Absent further order from the Court, the evidence provided under this Order may be used solely for the purpose of litigating Mr. Wilson's § 2255 motion and may not be used against Mr.

Wilson in any other proceeding. The Government may not disclose the information and any documents it obtains under this Order except to the extent necessary in this habeas proceeding. If the Government files any of the privileged material in this case, it must do so in redacted form and/or under seal as necessary to protect the privilege and comply with the requirements in Local Civil Rules 5(g) and 5.2.

This Order will remain in effect even after the Court has ruled on Mr. Wilson's Section 2255 motion. Both parties retain the right to apply to the Court for modification of this Order.

Dated this 8th day of May, 2026.

Lauren King
United States District Judge