Case 2:26-cv-00727-LK    Document 20    Filed 06/05/26    Page 1 of 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAIDEN WILSON, | CASE NO. 2:26-cv-00727-LK |
| Plaintiff, | ORDER GRANTING MOTION TO EXTEND DEADLINE; DENYING OTHER REQUESTS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Braiden Wilson's Notice and Motion to Preserve Rights, Extend Deadlines, Preserve Evidence, and Leave [to] Supplement Claims, Dkt. No. 19 at 1, and his other filings, Dkt. Nos. 14–18. For the reasons set forth below, the Court grants the request to extend the pending deadline and denies Mr. Wilson's other requests for relief.

**A.      The Court Grants the Request to Extend Deadline**

On May 8, 2026, the Court issued an order granting in part and denying in part the Government's motion for an order "finding that Braiden Wilson has waived attorney-client and work-product privileges as to his prior counsel Thomas Coe" and allowing the Government to obtain otherwise privileged information from Mr. Coe's files. Dkt. No. 13 at 1 (quoting Dkt. No.

ORDER GRANTING MOTION TO EXTEND DEADLINE; DENYING OTHER REQUESTS - 1

8 at 1–2). As relevant here, the Court ordered that, no later than May 29, 2026, Mr. Wilson had to "file a response to this Order apprising the Court as to whether he desires to pursue his ineffective assistance claims in his 2255 motion, Dkt. No. 1, or whether he desires to abandon these claims in order to avoid the waiver of the attorney-client privilege." *Id.* at 8. On June 2, 2026, Mr. Wilson filed this motion seeking an extension of the May 29 deadline because he "has not yet had meaningful consultation with newly appointed counsel" regarding his Section 2255 petition and his ineffective assistance of counsel claim. Dkt. No. 19 at 1.

When, as here, a deadline has already passed, a party must also show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect focuses on the equities underlying whether to excuse a party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("conclud[ing] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

The Court finds excusable neglect in light of Mr. Wilson's pro se status, his apparent (though erroneous) belief that he was represented by counsel in this matter, and his professed lack of contact with his counsel in his criminal matter. Dkt. No. 14 at 1; Dkt. No. 19 at 1. The Court notes that Mr. Wilson has not been appointed counsel in this matter for his Section 2255 motion. Rather, he was appointed counsel in his criminal matter. *See United States v. Wilson*, 2:24-cr-00093-LK, Dkt. No. 142 (W.D. Wash. Apr. 23, 2026).[1] However, his apparent confusion about the scope of representation supports a finding of excusable neglect. The Court therefore extends to June 22, 2026 Mr. Wilson's deadline to apprise the Court as to whether he desires to pursue his ineffective assistance claims in his 2255 motion, Dkt. No. 1, or whether he desires to abandon

---

[1] The Court addressed Mr. Wilson's Notice Regarding CJA Appointment and Lack of Counsel Contact Information, Dkt. No. 14, in the criminal case, *United States v. Wilson*, 2:24-cr-00093-LK, Dkt. Nos. 144, 150 (W.D. Wash. June 4, 2026).

ORDER GRANTING MOTION TO EXTEND DEADLINE; DENYING OTHER REQUESTS - 2

these claims in order to avoid the waiver of the attorney-client privilege. If Mr. Wilson does not file a response by that date, the Court will construe his Notice of Movant's Position, Dkt. No. 17, and declaration, Dkt. No. 18, as his position on this matter. In light of this extension of time, the Court extends the Government's deadline to file its answer to Mr. Wilson's Section 2255 motion to July 20, 2026.

**B.     The Court Denies Mr. Wilson's Other Requests**

Mr. Wilson also requests that the Court "preserve [his] ability to seek" additional relief. Dkt. No. 19 at 3. The Court denies this requests as vague and unripe.

Mr. Wilson further asks that the Court "[o]rder the preservation of relevant evidence and records[.]" *Id.*; *see also id.* at 1–2 (listing records). "Parties to litigation have a duty to preserve evidence that kicks in once a party has 'some notice' that evidence will be 'potentially relevant to the litigation.'" *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023) (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). However, when appropriate, a Court "may enter an order for the preservation of evidence on the motion of a party." *Jardin v. Datallegro, Inc.*, No. 08-CV-1462-IEG-RBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008). "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young*, 2010 WL 3564847, at 1. Here, there is no evidence that the Government is failing to preserve evidence. Because Mr. Wilson failed to "demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant

evidence in the instant case," a preservation order would be inappropriate. *Young*, 2010 WL 3564847, at 1.

Finally, Mr. Wilson has filed a "Request for Government to Provide Him With Counsel[']s Sudden Cause of Death." Dkt. No. 16. Mr. Wilson asserts that the cause of his former counsel's death is relevant if "said cause was due to Dementia, Alzheimer's or some other condition which might have impacted and impaired" his ability to function as counsel. *Id.* at 1. Rule 6 to the Rules Governing Section 2254 and Section 2255 Proceedings require a court's permission to conduct discovery upon a showing of good cause. The Rule also requires the party seeking discovery to "include any proposed interrogatories and requests for admission" with the motion and to "specify any requested documents." Mr. Wilson's motion does not include any proposed interrogatories, so the Court denies the motion.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Mr. Wilson's Notice and Motion to Preserve Rights, Extend Deadlines, Preserve Evidence, and Leave [to] Supplement Claims. Dkt. No. 19 at 1. The Court extends the deadline for Mr. Wilson to file a response to June 22, 2026 and extends the Government's deadline to file its answer to Mr. Wilson's Section 2255 motion to July 20, 2026.

The Court DENIES Mr. Wilson's Request for Government to Provide Him With Counsel[']s Sudden Cause of Death. Dkt. No. 16. The Court also STRIKES Mr. Wilson's Notice of Conduct Impairing Adjudication and Procedural Irregularities, Dkt. No. 15, as a fugitive document that is procedurally improper. *See Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY,

//

//

//

//

ORDER GRANTING MOTION TO EXTEND DEADLINE; DENYING OTHER REQUESTS - 4

2020 WL 9065891, at *1 (D. Nev. June 12, 2020) ("[A]ny document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." (citation modified)).

Dated this 5th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO EXTEND DEADLINE; DENYING OTHER REQUESTS - 5