UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAIDEN WILSON,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | CASE NO. 2:26-cv-00727-LK<br><br>ORDER DENYING MOTIONS AND STRIKING IMPROPER FILINGS |

This matter comes before the Court on its May 8, 2026 order requiring Plaintiff Braiden Wilson to file a response apprising the Court as to whether he intended to pursue his ineffective assistance claims in his 2255 motion despite the inherent waiver of attorney-client privilege associated with such claims, Dkt. No. 13, the Court's order extending the deadline for Mr. Wilson to file the response, Dkt. No. 20, and several filings from Mr. Wilson; namely, (1) a Notice of Record Concerns Regarding Representation Status and Notice, Dkt. No. 21; (2) a Notice of Docketing Concern, Request for Clarification of Representation Status, and Request for Corrective Action, Dkt. No. 22; (3) Petitioner[']s Response, Objections, Request for Evidentiary Hearing, Discovery, Record Reconstruction, and Supplemental Relief, Dkt. No. 23; (4) Motion for

Appearance by Video Teleconference at Any Hearing, Dkt. No. 24, and (5) "Motion for Protective Order" and other relief, Dkt. No. 27. For the reasons set forth below, the Court strikes the notices, denies the motions, and authorizes the Government to obtain Mr. Coe's documents as set forth in the Court's May 8, 2026 order.

## I. BACKGROUND

On May 8, 2026, the Court issued an order granting in part and denying in part the Government's motion for an order "finding that Braiden Wilson has waived attorney-client and work-product privileges as to his prior counsel Thomas Coe" and allowing the Government to obtain otherwise privileged information from Mr. Coe's files. Dkt. No. 13 at 1 (quoting Dkt. No. 8 at 1–2). The Court ordered that, no later than May 29, 2026, Mr. Wilson had to "file a response to this Order apprising the Court as to whether he desires to pursue his ineffective assistance claims in his 2255 motion, Dkt. No. 1, or whether he desires to abandon these claims in order to avoid the waiver of the attorney-client privilege." *Id.* at 8.

On June 2, 2026, Mr. Wilson filed a motion requesting an extension of the May 29 deadline because he "ha[d] not yet had meaningful consultation with newly appointed counsel" regarding his Section 2255 petition and his ineffective assistance of counsel claim. Dkt. No. 19 at 1. The Court granted Mr. Wilson's motion for an extension, finding "excusable neglect in light of Mr. Wilson's pro se status, his apparent (though erroneous) belief that he was represented by counsel in this matter, and his professed lack of contact with his counsel in his criminal matter." Dkt. No. 20 at 2. The Court specifically stated in that order that "Mr. Wilson has not been appointed counsel in this matter for his Section 2255 motion." *Id.* The Court extended Mr. Wilson's deadline to respond to the May 8, 2026 order to June 22, 2026. *Id.* at 2–3.

## II. DISCUSSION

On June 30, 2026, Mr. Wilson filed "Petitioner[']s Response, Objections, Request for

Evidentiary Hearing, Discovery, Record Reconstruction, and Supplemental Relief," asserting that "former counsel[']s conduct Deprived [him] of meaningful and rational consultation, interfe[]red with [his] ability to knowingly participate in proceedings and rendered the plea proceedings constitutionally unreliable." Dkt. No. 23 at 1–2.[1] Mr. Wilson also objected to any interpretation of waiver "broader than the narrow scope permitted under Bittaker v. woodford, 331 F.3d 715 (9th Cir. 2003)." *Id.* at 2. The Government filed a reply, asserting that "[b]y his response Wilson demonstrated that he has not abandoned his ineffective assistance claims, and the government requests the Court's order regarding waiver at Dkt. 13 be enforceable now." Dkt. No. 25 at 2. The Government further contends that "[c]onsistent with the Court's order, the government should now be allowed to obtain Mr. Coe's documents, including otherwise privileged legal conversations relating to Mr. Coe's representation of Wilson for purposes of litigating Wilson's § 2255 motion." *Id.* The Court agrees with the Government that Mr. Wilson's response, Dkt. No. 23, makes clear that he desires to pursue his ineffective assistance of counsel claim and understands that he waives attorney-client privilege as described in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). Accordingly, the Court's prior order takes effect, and the Government is authorized to obtain Mr. Coe's documents as set forth in that order, Dkt. No. 13 at 8–9.

The Government also requests that the Court strike "all other content of Wilson's June 30, 2026 pleading as non-responsive to the Court's order" because Mr. Wilson's response "appears to add, amend, or rehash claims from his original § 2255 motion." Dkt. No. 25 at 2–3. The Court agrees with the Government that the other content is unresponsive, and Mr. Wilson cannot amend his Section 2255 petition through his June 30, 2026 response to the Court's prior order.

---

[1] The Government notes that although Mr. Wilson's response was filed after the June 22, 2026 deadline, Dkt. No. 20 at 2, the response was "screened and processed through FCI Butner Low on June 18, 2026, and was postmarked on June 23, 2026, so the government believes that Wilson did attempt to respond in a timely manner to the Court's order." Dkt. No. 25 at 2 n.1 (citing Dkt. No. 23 at 21). The Court thus considers Mr. Wilson's response to be timely.

Accordingly, the Court considers only those assertions in his response relating to Mr. Wilson's decision to waive his attorney-client privilege to pursue his 2255 claim, Dkt. No. 23, and strikes all other portions of that response.

Mr. Wilson has also improperly filed two "notices" requesting relief. Dkt. Nos. 21, 22. The Court does not consider any requests for relief that are not in a motion, such as those in notices and objections. Fed. R. Civ. P. 7(b). In addition, as the Court previously informed Mr. Wilson, "any document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or a direct order of this Court is a fugitive document and must be stricken from the record." Dkt. No. 20 at 5 (quoting *Johnson v. Holms*, No. 2:18-CV-00647-GMN-EJY, 2020 WL 9065891, at *1 (D. Nev. June 12, 2020)). Accordingly, the Court strikes the notices, Dkt. Nos. 21, 22, as procedurally improper.[2]

Mr. Wilson has also filed a Motion for Appearance by Video Conference at Any Hearing. Dkt. No. 24. The Court has not scheduled any hearing in this matter, so it denies this motion as premature. Mr. Wilson may renew this motion if the Court schedules a hearing.

Finally, Mr. Wilson filed a motion asking the Court to order the preservation of evidence and to prevent the destruction of evidence. Dkt. No. 27 at 2. The Court previously denied Mr.

---

[2] Even if the Court considered the requests included in the notices, it would deny them. In his notice at docket entry 21, Mr. Wilson "request[s] that the court clarify the record regarding" the "scope of counsel[']s appointment," the "date counsel was appointed," whether he "was represented in any §2255 proceeding," and "[w]hether any deadlines should be adjusted or equitable relief considered if the court determines that [he] did not receive timely notice of the appointment or the limitation of counsel[']s representation." Dkt. No. 21 at 2. There is no need to "clarify the record" because the Court already informed Mr. Wilson in its June 5, 2026 order that he "has not been appointed counsel in this matter for his Section 2255 motion." Dkt. No. 20 at 2. Mr. Wilson also acknowledges that his counsel in his criminal matter informed him that counsel "was not appointed to represent [him]" in his Section 2255 matter. Dkt. No. 21 at 2. Mr. Wilson's second notice also seeks clarification regarding whether he is represented by counsel in this matter. Dkt. No. 22 at 2. Again, no further clarification is needed, and no unidentified "deadlines or procedural requirements" need to be adjusted on that basis. *Id.*

Mr. Wilson also asks the Court to conduct a "[r]eview of filings entered on the criminal docket that concern [his] post-conviction claims." *Id.* He contends that "certain filings relating to post-conviction matters have been docketed in the criminal case, Case No. 2:24-cr-00093-LK, rather than in the pending proceeding under 28 U.S.C. § 2255." *Id.* at 1. Mr. Wilson does not identify any documents erroneously filed in the criminal case or missing in this case, and it is not the Court's responsibility to comb the dockets for him. *Murthy v. Missouri*, 603 U.S. 43, 67 n.7, (2024) ("[J]udges are not like pigs, hunting for truffles buried in the record." (citation modified)).

Wilson's motion for the same relief, Dkt. No. 20 at 3–4, and Mr. Wilson's current request constitutes an untimely and unsupported motion for reconsideration, LCR 7(h). The same motion requests an order "[p]rotecting Attorney-client communications and other priv[i]l[e]ged legal communications relating to petitioner[']s pending litigation[.]" Dkt. No. 27 at 2. Mr. Wilson has waived the attorney-client privilege to the extent previously ordered, Dkt. No. 13, so this request is denied. Mr. Wilson also requests that the Court protect his access to legal mail and court filings and prevent interference with the same. Dkt. No. 27 at 2. However, Mr. Wilson's motion includes no facts to show that his access has been interfered with or restricted. *See generally* Dkt. No. 27. Accordingly, he has not supported this request, and this motion is denied.

## III. CONCLUSION

For the foregoing reasons, the Court STRIKES Mr. Wilson's notices, Dkt. Nos. 21, 22, STRIKES the nonresponsive portions of Dkt. No. 23, DENIES the Motion for Appearance by Video Teleconference at Any Hearing, Dkt. No. 24, DENIES the Motion for Protective Order and other relief, Dkt. No. 27, and authorizes the Government to obtain Mr. Coe's documents as set forth in the Court's May 8, 2026 order.

The Court warns Mr. Wilson that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom" or "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 n.46 (1975). The Court may impose sanctions, up to and including dismissal of Mr. Wilson's 2255 petition, for continued violations of procedural or substantive law.

Dated this 20th day of July, 2026.

Lauren King
United States District Judge