UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAIDEN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 2:26-cv-00727-LK<br><br>ORDER DENYING MOTION TO IMPOSE SANCTIONS AND APPOINT COUNSEL; GRANTING IN PART AND DENYING IN PART MOTION TO UNSEAL DOCUMENTS; DENYING MOTION FOR PRODUCTION OF RECORDS |

This matter comes before the Court on three motions filed by Plaintiff Braiden Wilson: (1) a motion to impose sanctions and appoint counsel, as well as for other relief, Dkt. No. 4; (2) a motion to unseal documents, or alternatively, to provide him with copies of those documents, Dkt. No. 28; and (3) a motion for production of records, Dkt. No. 29. For the reasons set forth below, the Court denies the motion for sanctions and to appoint counsel, grants in part and denies in part the motion to unseal documents, and denies the motion for production of records.

## I. BACKGROUND

On October 24, 2024, Wilson pleaded guilty to the following charges:

- Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846, and Title 18, United States Code, Section 2, a lesser-included offense of that charged in Count 1 of the Indictment;
- Unlawful Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o) and (2), as charged in Count 2 of the Indictment; and
- Unlawful Possession of Destructive Devices, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(8), and 5845(f)(3) as charged in Count 3 of the Indictment.

*United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 96 (W.D. Wash. Oct. 24, 2024). The Court accepted Wilson's plea of guilty and adjudged him guilty of these charges. *Id.*, Dkt. No. 103. On February 25, 2025, the Court sentenced Wilson to 60 months on count 1 to run consecutively to 36 months on counts 2 and 3 for a total term of 96 months, four years of supervised release, a $300 special assessment fee, and restitution in the amount of $26,714.66. *Id.*, Dkt. Nos. 119, 120. On February 26, 2026, Wilson filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 1.

## II. DISCUSSION

### A. The Court Denies the Motion to Impose Sanctions, Appoint Counsel, and for Other Relief

On the same day Wilson filed his motion to vacate, set aside, or correct his sentence, he also filed a motion for (1) sanctions against the prosecutors, law enforcement personnel, and others; (2) "[i]mmediate preservation of all evidence and [c]communications"; (3) in camera review and production of "otherwise relevant [m]aterial wit[h]held from the defense"; (4) an

evidentiary hearing; (5) vacatur of his conviction; (6) appointment of counsel; and (7) "[a]ny other [r]elief the court finds just." Dkt. No. 4 at 1, 7. The Government did not file a response to this motion.

The Court has already addressed Wilson's numerous requests for the preservation of evidence in other orders, Dkt. Nos. 20, 31, and denies this request for the same reasons set forth in those orders. The Court also denies Wilson's request to vacate his sentence and for an evidentiary hearing as duplicative of the same requests in his Section 2255 motion, Dkt. No. 1 at 15.

The Court also denies Wilson's request for production of "all communications between all stated personnel and any documents concerning side-deals, payments, or agreements with defense counsels and other entities involved in this case." Dkt. No. 4 at 7. Rule 6 to the Rules Governing Section 2255 Proceedings require a court's permission to conduct discovery upon a showing of good cause. The Rule also requires the party seeking discovery to "include any proposed interrogatories and requests for admission" with the motion and to "specify any requested documents." "'Good cause' for discovery exists 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *United States v. Boyd*, No. 21-35209, 2022 WL 989482, at *2 (9th Cir. Apr. 1, 2022) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996). Here, Wilson has not shown good cause to obtain discovery based on his speculation that there were "side-deals" and "payments" made.

Wilson also asks the Court to refer the prosecutors, law enforcement personnel, and public defenders involved in his case for investigation and to impose sanctions against them. Dkt. No. 4 at 7. This request is denied as frivolous and unsupported.

Finally, Wilson requests that the Court appoint him counsel to "represent [him] at the hearing and for post-conviction proceedings, and to assist [him] with discovery." *Id.* Rule 8(c) of the Rules Governing Section 2255 Proceedings states that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." In addition, Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Here, the Court has not ordered an evidentiary hearing, and Wilson has not shown that he is currently "financially unable to obtain adequate representation[.]" 18 U.S.C. § 3006A(a). Accordingly, the Court denies his request for appointment of counsel at this time.

**B. The Court Grants in Part and Denies in Part the Motion to Unseal and Provide Copies to Wilson**

Wilson has filed a motion asking the Court "for an order unsealing, or alternatively providing access to, records relevant to the pending proceedings under 28 U.S.C. § 2255." Dkt. No. 28 at 1. He notes that "[c]ertain records in the underlying criminal proceedings remain sealed or otherwise unavailable to [him]." *Id.* Under Local Criminal Rule 49.1(e), parties may file a motion to unseal a document.

1. Criminal Docket Numbers 32, 39, 116

Wilson states that docket entry 116 in his criminal case "was submitted in support of sentencing" and is relevant to his claims of ineffective assistance of counsel and other claims. *Id.* at 2. He also contends that docket entry 39 was submitted in support of a motion and the Court "relied upon this exhibit in connection with the detention proceedings where [f]ormer counsel made a False/Fraudulent pre-trial services claim." *Id.* And he states that docket entry 32 "was submitted in support of a detention challenge[.]" *Id.* The Government does not oppose the

unsealing of these documents at Wilson's request since they are his own "personal records," but states that "instead of a wholesale unsealing of these records, the Court could, if it is so inclined, direct the Clerk's Office to provide a copy of these documents to Wilson" to enable his review while maintaining their sealed status. Dkt. No. 32 at 2.

The document at docket entry 116 is a confidential psychiatric evaluation of Wilson. *United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 116 (W.D. Wash. Feb. 18, 2025). Docket entry 32 is an alcohol and drug evaluation of Wilson, *id.*, Dkt. No. 32 (W.D. Wash. June 18, 2024), and docket entry 39 is a letter from Wilson's mother to the Court that describes his personal struggles, *id.*, Dkt. No. 39 (W.D. Wash. July 1, 2024). Because Wilson professes not to know what is in these documents, Dkt. No. 28 at 2–3, the Court is reluctant to unseal them and expose his personal information to the public. Instead, the Court will direct the Clerk to provide a copy of these documents to Wilson.

2. Documents in 2:24-mj-00295-BAT

Wilson asks the Court to unseal "[a]ny sealed materials from magistrate case 2:24-mj-00295-BAT." *Id.* at 3. The Government's response does not address this request. *See generally* Dkt. No. 32. The Court denies this request as moot because there are no sealed materials in the docket in Case No. 2:24-mj-00295-BAT.

3. Criminal Docket Numbers 18, 54, 57, 126

Wilson also asks the Court to unseal docket entries 18, 54, 57, and 126 in his criminal case. Dkt. No. 28 at 3–4. He contends that docket entry 18 is "needed for verification of indictment procedures," and the other three documents "may contain" relevant information. *Id.*

The Government responds that unsealing docket entry 18—the indictment—is unwarranted because it includes the signature of the Grand Jury Foreperson, which was redacted pursuant to the policy of the Judicial Conference of the United States. Dkt. No. 32 at 2. Pursuant

to the Section 4.09 of the Amended Jury Selection Plan for the Western District of Washington, "the names and information relating to any summoned or serving grand juror or grand jury panel will be confidential and not disclosed to any litigant or member of the public." *See* https://www.wawd.uscourts.gov/sites/wawd/files/GO%2009-22%20Amended%20Jury%20Selection%20Plan.pdf (last visited Aug. 26, 2026); *see also* Judicial Conference Policy on Privacy and Public Access to Electronic Case Files, https://www.uscourts.gov/privacy-policy-electronic-case-files (last visited Aug. 26, 2026). The Court therefore declines to unseal the unredacted copy of the indictment.

Wilson contends that docket entry 54 is relevant because "denials of an evidentiary hearing were based on procedural deficiencies and not the merits." Dkt. No. 28 at 3. According to Wilson, the documents "may contain material facts that further demonstrate[] reasoning behind the denial of an evidentiary hearing and exhibits which the court relied upon during the criminal proceedings." *Id.* The Government responds that "the evidentiary hearing that was denied was related to Bennett's motion to reopen detention and did not involve Wilson." Dkt. No. 32 at 2. The Government also notes that "Wilson has not provided any reasons for obtaining these records other than a generalized desire to comb through sealed documents because they 'may' contain relevant information." *Id.* Docket entry 54 relates to a motion from Bennett—not Wilson—for an evidentiary hearing regarding her detention. *United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 54 (W.D. Wash. July 30, 2024). Wilson does not contend that the Court relied on the exhibits to that motion for anything other than to rule on Bennett's motion regarding her detention. *See generally* Dkt. No. 28. Accordingly, he has not shown that those exhibits are relevant to his Section 2255 motion.

Docket entry 57 comprises notes from the Bureau of Prisons Health Services regarding a "Clinical Encounter" with Bennett. *United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 57

(W.D. Wash. July 30, 2024). The Court agrees with the Government that "Wilson has provided no reason as to why he is entitled to Bennett's personal medical records, nor has he provided a reason as to how it will assist him in litigating his § 2255 motion." Dkt. No. 32 at 3.

Docket entry 126 is a report from a social worker regarding Bennett filed in support of her sentencing memorandum. *United States v. Bennett et al.*, 2:24-cr-00093-LK, Dkt. No. 126 (W.D. Wash. Feb. 27, 2025). In an order granting in part Bennett's motion to seal that report and other exhibits to her sentencing memorandum, the Court found that the report and another exhibit contained "extensive medical information" about Bennett. *Id.*, Dkt. No. 131 at 2 (W.D. Wash. Mar. 19, 2025) (listing exhibits 2 and 5). The Court also found that exhibit 4 comprised "medical records" about Bennett. *Id.* The Court found that sealing these exhibits served "a compelling interest in protecting Ms. Bennett's medical privacy" and there was no less restrictive means of protecting her privacy. *Id.* The Court allowed exhibit 3 to remain under seal to protect sensitive information about a third party and the first name of a minor but required Bennett to file a redacted and unsealed copy of that exhibit. *Id.* at 2–3. Here, Wilson has not shown any need for Bennett's medical information, information about the third party, or the name of a minor. Accordingly, the Court denies the motion as to criminal docket entries 18, 54, 57, 126.

4. <u>Request for Other Records</u>

In addition to the specific docket entries discussed above, Wilson requests that the Court "order disclosure, production, and review of records relating to any federal, state, local, or ancillary proceedings that are reasonably related to the investigation, prosecution, arrest, detention, search, seizure, surveillance, charging decision, or adjudication underlying [his] criminal case and pending §2255 proceedings." Dkt. No. 28 at 7. The Court will not undertake a search of "federal, state, local, [and] ancillary proceedings" for documents that might be "reasonably related" to these

topics. Moreover, this request is duplicative of the relief requested in Wilson's motion for the production of records, Dkt. No. 29, discussed below. Accordingly, this request is denied.

**C. The Court Denies the Motion for Production of Records**

Wilson has also filed a motion for "an order directing identification and production of records reasonably related to [his] §2255 proceedings." Dkt. No. 29 at 1. He seeks two broad categories of documents: (1) the docket sheet and documents in 2:24-mj-00295-BAT, and (2) various other documents that "are relevant to [his] pending §2255 claims" including arrest and search warrant applications, supporting affidavits, orders, and other listed documents. *Id.* at 2–3. The Government responds that Wilson "has failed to provide good cause as to why he is entitled to the materials that he requests" and instead, he "only speculates and makes general arguments that the requested [documents] 'may' have a relevance to his § 2255 motion." Dkt. No. 33 at 2.

Again, Wilson's motion fails to show good cause for discovery as required by Rule 6. Instead, he speculates that the requested categories of documents "may" be relevant to his motion, Dkt. No. 29 at 4, which is insufficient. Accordingly, this motion is denied.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Wilson's motion for sanctions and other relief, Dkt. No. 4, GRANTS IN PART and DENIES IN PART his motion to unseal documents, Dkt. No. 28, and DENIES the motion for production of records, Dkt. No. 29. The Clerk is directed to mail a copy to Wilson of the documents at docket entries 32, 39, 116 in *United States v. Bennett et al.*, 2:24-cr-00093-LK.

Dated this 1st day of September, 2026.

Lauren King
United States District Judge